Kavanaugh, Circuit Judge, concurring:
I join the Court's excellent opinion. The Court agrees with the hospitals that HHS's 2013 regulation applies only to reopenings, not to appeals. I add this concurring opinion to also express my agreement with the hospitals' broader argument that the 2013 regulation is arbitrary and capricious, and therefore should be vacated.
HHS calculates hospitals' Medicare reimbursements by employing a formula predicated on statistics for hospital discharges in 1981. The hospitals believe that the 1981 statistics are faulty. In Kaiser Foundation Hospitals v. Sebelius , 708 F.3d 226 (D.C. Cir. 2013), we ruled that hospitals could challenge erroneous predicate facts used by HHS to calculate hospitals' Medicare reimbursements for open cost years. In the wake of Kaiser , hospitals could not reopen closed cost years, but they could challenge erroneous predicate facts-such as the 1981 statistics on hospital discharges-used to calculate their ongoing reimbursements for open cost years.
In 2013, seeking to override the result in Kaiser , HHS promulgated the rule at issue here to bar hospitals from challenging the predicate facts used to calculate Medicare reimbursements for open cost years. Even assuming that HHS's regulation does not contravene the Medicare statute, the regulation is arbitrary and capricious. As the Supreme Court stated in a related case-where *298 HHS was defending a different rule allowing hospitals to challenge erroneous predicate facts-it is not reasonable for HHS to "cement misclassified" costs into "future reimbursements, thus perpetuating literally million-dollar mistakes." Regions Hospital v. Shalala , 522 U.S. 448, 462, 118 S.Ct. 909, 139 L.Ed.2d 895 (1998).
In the district court's decision in Kaiser , Judge Boasberg labeled HHS's approach of barring challenges to erroneous predicate facts as an "absurdity." Kaiser Foundation Hospitals v. Sebelius , 828 F.Supp.2d 193, 203 (D.D.C. 2011). Sounds about right. Indeed, it would seem to be the very definition of arbitrary and capricious for HHS to knowingly use false facts when calculating hospital reimbursements. That is particularly so when those erroneous facts cost hospitals hundreds of millions of dollars. That is real money.
HHS contends that its rule barring hospitals from challenging erroneous predicate facts is reasonable because of the agency's interest in finality. That argument makes little sense here. The hospitals are not seeking to reopen closed cost years. If they were, then HHS's finality argument would make a good deal of sense. The hospitals are merely challenging the factual inputs for the ongoing calculations of reimbursements for open cost years. The finality defense is makeweight. HHS's apparent goal, as Judge Boasberg explained in Kaiser , is to save money by paying out less in reimbursements to hospitals. Saving money is a laudable goal, but not one that may be pursued by using phony facts to shift costs onto the backs of hospitals. The HHS regulation is arbitrary and capricious, and therefore should be vacated.